IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JACK A. DUNN,<br><br>    Plaintiff,<br><br>    v.<br><br>**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS; and U.S. BANK, NATIONAL ASSOCIATION**,<br><br>    Defendants. | Case No. 3:18-cv-417-YY<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

On March 9, 2018, Plaintiff Jack A. Dunn ("Dunn") *pro se* filed this lawsuit in federal court against Defendants Mortgage Electronic Registration Systems ("MERS") and U.S. Bank, National Association ("U.S. Bank"). On April 2, 2018, both Defendants entered appearances. The following day, April 3, 2018, both Defendants moved to dismiss, pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure. The next day after that, April 4, 2018, Dunn filed a notice informing the parties and the Court that on March 28, 2018, he had filed for Chapter 7 bankruptcy. On May 1, 2018, an attorney for U.S. Bank served Dunn with a state court Notice of Restitution and a Deadline to Vacate by Sunday, May 6, 2018, signed by the Clerk of the Clackamas County Circuit Court. ECF 10-1 at page 50.

PAGE 1 – ORDER

In this federal lawsuit, Dunn alleges claims for wrongful foreclosure, fraud on the court, intentional infliction of emotional distress, and violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. Dunn seeks money damages, punitive damages, declaratory relief, and injunctive relief. Pending before the Court is Dunn's motion for a temporary restraining order ("TRO") to prevent the enforcement of the state court's Notice of Restitution and Deadline to Vacate. For the reasons that follow, Dunn's motion is DENIED.

## STANDARDS

In deciding whether to grant a motion for a temporary restraining order, courts look to substantially the same factors that apply to a court's decision on whether to issue a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brushy & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction generally must show that: (1) the plaintiff is likely to succeed on the merits; (2) the plaintiff is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in favor of the plaintiff; and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20 (rejecting the Ninth Circuit's earlier rule that the mere "possibility" of irreparable harm, as opposed to its likelihood, was sufficient, in some circumstances, to justify a preliminary injunction).

The Supreme Court's decision in *Winter*, however, did not disturb the Ninth Circuit's alternative "serious questions" test. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011). Under this test, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* at 1132. Thus, a preliminary injunction may be granted "if there is a likelihood of irreparable injury to plaintiff; there are serious

PAGE 2 – ORDER

questions going to the merits; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2012) (citing *Cottrell*).

## DISCUSSION

In 2013, U.S. Bank brought a *judicial* foreclosure proceeding against Dunn in the Circuit Court of the State of Oregon for the County of Clackamas.[1] On June 23, 2014, the Clackamas County Circuit Court entered final judgment in favor of U.S. Bank. The state court found that U.S. Bank "is the holder of the original note at issue in this matter and holds the beneficial interest in the Deed of Trust." Through its final judgment, the state court foreclosed Dunn's interest in the property.

Dunn's claims in this federal lawsuit are based on his contention that U.S. Bank does not in fact hold the beneficial rights to the Deed of Trust on Dunn's property because MERS illegally and improperly purported to assign those beneficial rights to U.S. Bank. Dunn argues that this allegedly illegal assignment resulted in an illegal judicial foreclosure, perpetrated a fraud on the state court, resulted in intentional infliction of emotional distress upon Dunn, and violated the FDCPA. Defendants respond that Dunn is unlikely to prevail on any of his claims because this Court does not have subject-matter jurisdiction under the *Rooker-Feldman*

---

[1] Defendants request that the Court take judicial notice of publicly-available documents filed in the state court proceeding, arguing that taking judicial notice of such documents will not convert the pending motion to a motion for summary judgment and noting that they can rely on documents outside of the pleadings if their authenticity is uncontested. ECF 20. The pending motion for a temporary restraining order, however, is not a motion under Rule 12 of the Federal Rules of Civil Procedure and Defendants' concern about converting the motion to a summary judgment motion is inapplicable. The Court considers the exhibits submitted by Defendants and Dunn in deciding the pending motion.

PAGE 3 – ORDER

doctrine,[2] Dunn's claims are precluded by the earlier Clackamas County Circuit Court case, Defendants could not have inflicted emotional distress upon Dunn by enforcing their legal rights and enforcing a state court judgment, and Defendants are not debt collectors under the FDCPA. Because the Court agrees that Dunn has not shown a likelihood of success on the merits, or even raised serious questions, the Court does not analyze the three remaining TRO factors under *Winter*.

## A. *Rooker-Feldman* Doctrine

Under the *Rooker–Feldman* doctrine, federal courts lack jurisdiction to hear cases that amount to collateral attacks on state court judgments. The basic premise of that doctrine is that "a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court." *Noel v. Hall*, 341 F3d 1148, 1154 (9th Cir. 2003). Instead, the United States Supreme Court is the only federal court with jurisdiction to hear appeals from state courts. *Id.*; *see* 28 U.S.C. § 1257.

The scope of the *Rooker-Feldman* doctrine includes *de facto* appeals from a state court decision and "any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Noel*, 341 F.3d at 1158. A claim is inextricably intertwined with a state court judgment if the federal claim can succeed only to the extent that the state court wrongly decided the issues before it, or if the relief requested in the federal action would effectively reverse the state court decision or void its ruling. *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1029-30 (9th Cir. 2001) (citations omitted).

*Rooker-Feldman* bars a suit from going forward if: (a) the plaintiff in the federal suit lost in the state court proceeding; (b) the state court determination is at the core of the federal

---

[2] The *Rooker–Feldman* doctrine takes its name from *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

lawsuit; (c) the federal lawsuit seeks review and rejection of the state court verdict; and (d) the state court judgment was entered before commencement of the federal action. *McKithen v. Brown*, 481 F.3d 89, 97 (2nd Cir. 2007). All of these elements are present in this case. Plaintiff lost in the state court, and his interest in the property was foreclosed. Dunn is now asking this Court to void the earlier decision of the state court that foreclosed Dunn's interest and concluded that U.S. Bank holds the beneficial interest in the Trust Deed. Dunn is further asking this Court to vacate the order of the state court, and enjoin its enforcement.

*Rooker-Feldman*, however, does not bar a federal suit to set aside a state court judgment if that judgment was obtained by extrinsic fraud. *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1141 (9th Cir. 2004). Fraud on a court is "not an error by that court," but instead is "a wrongful act committed by the party or parties who engaged in the fraud." *Id.* "*Rooker-Feldman* therefore does not bar subject matter jurisdiction when a federal plaintiff alleges a cause of action for extrinsic fraud on a state court and seeks to set aside a state court judgment obtained by that fraud." *Id.* If the parties raised the issue of fraud before the state court, however, and the state court made a determination that there was no fraud, then *Rooker-Feldman* does apply. *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 860 (9th Cir. 2008).

Dunn alleges in his complaint that MERS did not have the authority to transfer to U.S. Bank the beneficial rights in Dunn's Trust Deed as it purported to do with the assignment it presented as evidence to the state court. Dunn also submits as an exhibit a "MERS Procedural Manual" that contains the following statement: "Although MERS tracks changes in ownership of the beneficial rights for loans registered on the MERS System, MERS cannot transfer the beneficial rights to the debt. The debt can only be transferred by properly endorsing the promissory note to the transferee." ECF 16-1 at 23. In their brief, Defendants do not discuss

Dunn's allegation of extrinsic fraud or the fraud exception to the *Rooker-Feldman* doctrine. Based on the current record before the Court, the Court cannot conclude at this time that the *Rooker-Feldman* doctrine applies.

**B. Claim Preclusion of Claims against U.S. Bank**

Federal courts must "afford the same full faith and credit to state court judgments that would apply in the State's own courts." *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 463 (1982). A federal court is bound to "give the same . . . preclusive effect to a state court judgment as that judgment would have in the state courts of the state in which it was rendered." *Noel v. Hall*, 341 F.3d 1148, 1160 (9th Cir. 2003). "Claim preclusion requires (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Howard v. City of Coos Bay*, 871 F.3d 1032, 1039 (9th Cir. 2017) (quotation marks omitted).

There was a final judgment on the merits in the Clackamas County Circuit Court case, and U.S. Bank and Dunn were parties in that action. Thus, the second and third factors for claim preclusion are met with respect to Dunn's claims against U.S. Bank. The question now focuses on the first factor, whether the claims are identical.

A court should consider four criteria when evaluating whether claims are identical:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Id.* The four criteria "are not applied mechanistically. The fourth criterion is the most important." *Id.* (quotation marks and citation omitted). "[T]he inquiry about the 'same transactional nucleus of facts' *is the same inquiry* as whether the claim could have been brought in the previous

action." *Id.* (alteration and emphasis in original) (quotation marks omitted). The Ninth Circuit explains that this is because:

> If the harm arose at the same time, then there was no reason why the plaintiff could not have brought the claim in the first action. The plaintiff simply could have added a claim to the complaint. If the harm arose from different facts at a different time, however, then the plaintiff could not have brought the claim in the first action.

*Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1151 (9th Cir. 2011). "Thus, [w]hether two suits arise out of the same transactional nucleus depends upon whether they are related to the same set of facts and whether they could conveniently be tried together." *Howard*, 871 F.3d at 1039 (alteration in original) (quotation marks omitted).

The claims that Dunn brings in this lawsuit for fraud on the court, intentional infliction of emotional distress, violations of the FDCPA, and the claim that he makes regarding the unlawfulness of the judicial foreclosure are all claims that he could have asserted during the state court case. Dunn relies on documents that were executed before the state court lawsuit (the Trust Deed and the Assignment of the Trust Deed) and the state court complaint itself. Yet in his state court answer, Dunn did not raise a defense or counterclaim to the wrongful foreclosure or assert the fraud claim that he now raises (namely, that MERS improperly purported to assign rights to U.S. Bank), and Dunn did not assert any counterclaim for intentional infliction of emotional distress or violation of the FDCPA.

All four criteria support claim preclusion in this case. First, the interests established by the Clackamas County Circuit Court would be destroyed by granting the relief that Dunn seeks in this federal court. The state court found that U.S. Bank held the beneficial interest in the Deed of Trust, which necessarily would be voided if the Court finds that the assignment from MERS to U.S. Bank was improper. The state court also judicially foreclosed Dunn's interest in the real

property, which Dunn specifically asks this Court to void. Second, substantially the same evidence will be involved in both actions. Third, the two suits involve alleged infringement of the same rights. Fourth and finally, the two lawsuits arise out of the same transactional nucleus of facts. Accordingly, claim preclusion is appropriate in favor of U.S. Bank against all claims asserted by Dunn in this case. Therefore, Dunn cannot show a likelihood of success on the merits against U.S. Bank.

C. **Claims and TRO Against MERS**

Although the Court does not apply claim preclusion to the claims against MERS, the TRO sought by Dunn is not appropriate with respect to MERS. Dunn appears to treat MERS and U.S. Bank together for purposes of all claims and remedies, but they are separate Defendants. Regarding the unlawful foreclosure and fraud on the court claim, U.S. Bank is the entity that judicially foreclosed upon Dunn. Dunn does not submit evidence that MERS filed anything fraudulent with the state court or that MERS conspired with U.S. Bank to perpetrate a fraud upon the court. Dunn also does not show how MERS attempted to collect on any debt or how MERS caused Dunn's emotional distress, which was allegedly caused by the judicial foreclosure proceeding prosecuted by U.S. Bank. MERS is not the entity that foreclosed on Dunn or issued the Notice of Restitution and Deadline to Vacate, which is what Dunn is seeking to have enjoined through his pending motion for TRO. Thus, even though the Court is not precluding Dunn's claims against MERS under the doctrine of claim preclusion, a TRO is not appropriate against MERS because the Court cannot enjoin MERS from taking an action that it is not taking; the only action at issue is being taken by U.S. Bank, and Dunn's claims against U.S. Bank are precluded. Further, Dunn has not shown a likelihood of success on the merits or serious questions going to the merits of his claims against MERS.

## CONCLUSION

Plaintiff's motion for temporary restraining order (ECF 16) is DENIED.

**IT IS SO ORDERED.**

DATED this 15th day of May, 2018.

/s/ Michael H. Simon  
Michael H. Simon  
United States District Judge