IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JACK A. DUNN,**  Plaintiff,  v.  **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS; and U.S. BANK, NATIONAL ASSOCIATION**,  Defendants. | Case No. 3:18-cv-417-YY  **ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Youlee Yim You issued Amended Findings and Recommendation in this case on July 23, 2018. ECF 27. Judge You recommended that Defendants' motion to dismiss be granted and this case be dismissed with prejudice.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

PAGE 1 – ORDER

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiff timely filed an objection. ECF 28. Plaintiff argues that the State court judgment of foreclosure is void and thus Plaintiff can collaterally attack the judgment in this court without implicating the doctrine of claim preclusion or the *Rooker-Feldman* doctrine. Plaintiff also argues that Defendants are debt collectors under the Fair Debt Collection Practices Act, despite case law to the contrary. Finally, Plaintiff objects to his claims being dismissed with prejudice.

The Court has reviewed *de novo* those portions of Judge You's Findings and Recommendation to which Plaintiff has objected, as well as Plaintiff's objections and Defendants' response. The Court agrees with Judge You's reasoning and ADOPTS the Findings and Recommendation, with one possible exception in the portion relating to issue preclusion. To the extent Judge You intended to find issue preclusion relating to the specific issue of whether MERS was an appropriate beneficiary or had the authority to assign any purported interest in the context of a judicial foreclosure, the Court does not find that issue was actually litigated in State

court. The issue of whether U.S. Bank was the holder of the original Note and held the beneficial interest in the Deed of Trust at the time of foreclosure, however, was actually litigated by the State court, as noted by Judge You.

For those portions of Judge You's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

Regarding whether to dismiss this case with or without prejudice, the Court notes that a dismissal under the *Rooker-Feldman* doctrine generally is without prejudice, although one from which the plaintiff will not be able to replead in this Court. *See White v. Dobrescu*, 651 F. App'x 701, 703 (9th Cir. 2016) ("Because we affirm the dismissal on the basis of the *Rooker-Feldman* doctrine, we treat the dismissal as one without prejudice."); *see also Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1036 (9th Cir. 2004) (dismissals for lack of subject matter jurisdiction should be without prejudice). Dismissals based on claim preclusion, however, are with prejudice. *See Todd v. Skrah*, 2017 WL 3429400, at *4 (D. Or. June 19, 2017), *report and recommendation adopted as modified*, 2017 WL 3429387 (D. Or. Aug. 8, 2017), *aff'd*, 728 F. App'x 745 (9th Cir. 2018) (noting that dismissal is "with prejudice because claim preclusion forecloses successive litigation arising from the incident giving rise to the claim"); *Griffin v. Countrywide Home Loan Servicing, LP*, 2012 WL 2017581, at *3 (D. Nev. June 5, 2012), *aff'd sub nom. Griffin v. Countrywide Home Loans Servicing, L.P.*, 592 F. App'x 586 (9th Cir. 2015), *and aff'd sub nom. Griffin v. Countrywide Home Loans Servicing, L.P.*, 592 F. App'x 586 (9th Cir. 2015) (("[T]he Court finds that Plaintiff's claims are barred by the doctrine of res judicata and claim preclusion and must therefore be dismissed with prejudice."). Accordingly, Plaintiff's claims are dismissed with prejudice.

The Court **ADOPTS** Judge You's Findings and Recommendation, ECF 27 with the possible caveat as noted herein. Defendants' Motion to Dismiss (ECF 7) is GRANTED. This case is dismissed with prejudice. **IT IS SO ORDERED.**

DATED this 14th day of September, 2018.

>/s/ *Michael H. Simon*
> Michael H. Simon
> United States District Judge